## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUAWN PAYNE and HARRELL JAMES, <br><br> Plaintiffs, <br><br> v. <br><br> THEORY ENTERTAINMENT LLC d/b/a 300 ENTERTAINMENT, 1501 CERTIFIED ENTERTAINMENT, LLC, UNIVERSAL MUSIC PUBLISHING, INC., SEAN MICHAEL LEONARD ANDERSON, p/k/a BIG SEAN and MEGAN RUTH PETE p/k/a MEGAN THEE STALLION, <br><br> Defendants, | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiffs Duawn Payne and Harrell James ("Plaintiffs"), by their undersigned attorneys, Rath, Young and Pignatelli, PC, for their Complaint against the defendants Theory Entertainment, LLC d/b/a 300 Entertainment ("300 Entertainment"), 1501 Certified Entertainment, LLC ("1501"), Universal Music Corporation d/b/a Universal Music Group ("Universal"), Sean Michael Leonard Anderson, p/k/a Big Sean ("Anderson"), and Megan Ruth Pete p/k/a Megan Thee Stallion ("Pete" and together with Universal, 300 Entertainment, 1501, Anderson, collectively, "Defendants") allege as follows:

### SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.  Plaintiffs seek damages in an amount to be established at trial.

1

## PARTIES

2.     The plaintiff Duawn Payne is an individual doing business at 9899 Balfour, Detroit, Michigan 48224 under the professional name Go Hard Major.

3.     The plaintiff Harrell James is an individual doing business at 19066 Ash Eastpointe, Michigan 48023 under the professional name H Matic.

4.     The defendant Universal is a foreign corporation registered with the State of New York and doing business at 1755 Broadway, New York, New York 10019.

5.     The defendant 300 Entertainment is a foreign limited liability company registered with the State of New York and doing business at 112 Madison Avenue Floor 4, New York, New York 10016.

6.     The defendant 1501 is a foreign limited liability company doing business at 15618 Bristol Lake, Houston, Texas 77070.

7.     The defendant Anderson is an individual, whose address is currently unknown to Plaintiffs, residing in the Detroit, Michigan.

8.     The defendant Pete is an individual whose address is currently unknown to Plaintiffs but, upon information and belief, resides in New York, New York.

## JURISDICTION AND VENUE

9.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

10.     Personal jurisdiction and venue over Universal are proper. Universal is headquartered in this judicial district and is conducting business in this judicial district and is

committing torts in this state, including without limitation the copyright infringement at issue here, which causes harm in this state and judicial district.

11.     Personal jurisdiction and venue over 300 Entertainment are proper.  300 Entertainment is headquartered in this judicial district and is conducting business in this judicial district and is committing torts in this state, including without limitation the copyright infringement at issue here, which causes harm in this state and judicial district.

12.     Personal jurisdiction and venue over 1501 are proper.  1501 Entertainment is conducting business in this judicial district related to the copyright infringement at issue in this litigation and is committing torts in this state, which causes harm in this state and judicial district.  Specifically, the defendant 1501 has significant contacts with New York whereby 1501 contracts to market, promote, reproduce, distribute, publicly perform, sell, and offer for sale infringing sound recordings and performances that are directly related to this litigation.

13.     Personal jurisdiction and venue over Anderson are proper.  Anderson is conducting business in this judicial district related to the copyright infringement at issue in this litigation and is committing torts in this state, which causes harm in this state and judicial district.  Specifically, Anderson has significant contacts with New York whereby Anderson contracts to write and/or perform the Infringing Work and to have the Infringing Work marketed, promoted, reproduced, distributed, publicly performed, sold, and offered for sale infringing sound recordings and performances that are directly related to this litigation.

14.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Plaintiffs' Copyrights

15.    In 2012, Plaintiffs authored the song "Krazy" (the "Copyrighted Work") and have publicly and widely distributed the Copyrighted Work in numerous ways.  For example, Plaintiffs have distributed the Copyrighted Work through the music platform ReverbNation, where the Copyrighted Work has been available to more than 2.8 million artist and consumers worldwide and record labels and managers who have had access to listen to the song.  In 2015, the Copyrighted Work was ranked No. 1 in Detroit on ReverbNation.  In addition, Plaintiffs distributed thousands of copies of the Copyrighted Work in CD format in the greater Detroit area.  Moreover, beginning in 2012, Plaintiffs publicly performed the Copyrighted Work in numerous clubs in the greater Detroit area.  The Copyrighted Work continues to be available at the following ReverbNation URL: https://www.reverbnation.com/moneyhungrybossesent/songs where it is referenced as "Go Crazy."

16.    The Copyrighted Work is an original work of authorship and is particularly unique as a result of its catchy chorus—or hook—the centerpiece of the Copyrighted Work.

17.    The chorus of the Copyrighted Work is highly artistic and original.

18.    On February 14, 2022, Plaintiffs obtained a certificate of registration for the Copyrighted Work from the United States Copyright Office, a copy of which is attached hereto as Exhibit A.

19.    Plaintiffs own the copyrights in and to the Copyrighted Work.

### B.    Defendants' Unlawful Activities

20.    On November 20, 2020, the defendants Pete, 300 Entertainment, and 1501 released the album *Good News*.

21.     The album *Good News* contains the hit song "Go Crazy."

22.     The song "Go Grazy" is referred to herein as the "Infringing Work" because it is an unlawful derivative of the Copyrighted Work, infringing both the composition rights and sound recording rights of the Copyrighted Work.  The Infringing Work was created by Pete and others, including Anderson, who is featured on the Infringing Work and is credited as a writer of the Infringing Work.

23.     The Infringing Work is strikingly similar to the Copyrighted Work.

24.     The titles of the Infringing Work and the Copyrighted Work are strikingly similar.

25.     The chorus for the two songs is strikingly similar.

26.     The wording of the chorus for the two songs is nearly identical.

27.     The timing is nearly identical.

28.     The melodic sequence is nearly identical.

29.     The harmonic sequence is nearly identical.

30.     The tonal sequence is nearly identical.

31.     The use of reverb is nearly identical.

32.     The use of cadence is nearly identical.

33.     An average lay observer would recognize the Infringing Work as having been appropriated from the Copyrighted Work because of the striking similarity between the two compositions and the way in which they are performed.

34.     Indeed, the Infringing Work is so strikingly similar to the Copyrighted Work as to preclude the possibility of independent creation.

35.     Plaintiffs' wide dissemination of the Copyrighted Work has made it readily available on the market.  The dissemination of music in the music industry has changed

drastically in the last two decades as consumers no longer access their music through radio stations and record stores as they, instead, access music through their computers and smart phones where  music is readily available on platforms like YouTube and ReverbNation.  Prior to the creation of the Infringing Work, the Copyrighted Work was available on both YouTube and ReverbNation.

36.     In addition to availability on internet platforms, Plaintiffs distubed thousands of physical copies of CD's featuring the Copyrighted Work, all prior to the creation of the Infringing Work.

37.     Furthermore, prior to the creation of the Infringing Work, Plaintiffs performed the Copyrighted Work publicly in clubs and bars.

38.     In addition, Defendants each had access to the Copyrighted Work through Anderson.  Prior to the creation of the Infringing Work, Anderson and Plaintiffs resided in West Detroit where the Copyrighted Work was publicly performed by Plaintiffs in West Detroit hip hop clubs and bars frequented by Anderson.  Anderson had further access to the Copyrighted Work given the Copyrighted Work's number 1 ranking on the Detroit charts at ReverbNation in 2015.  The sale of thousands of physical copies of CD's featuring the Copyrighted Work on the streets of West Detroit and the parking lots of hip hop clubs in West Detroit frequented by Anderson provide further access of the Copyrighted Work to Defendants.

39.     Due to the striking similarity between the Infringing Work and the Copyrighted Work, the wide dissemination of the Copyrighted Work, and the access to the Copyrighted Work by Anderson, Defendants each had a reasonable opportunity to hear Plaintiffs' Copyrighted Work prior to the creation of the Infringing Work.

40.     In addition to the striking similarities, there are substantial similarities between

the Copyrighted Work and the Infringing Work.  Defendants have copied music and lyrics which, taken together, are highly original and engaging.  Indeed, Defendants are reproducing, distributing, publicly displaying, and or/publicly performing the very heart of the Copyrighted Work, its chorus and hook.  The originality, uniqueness, and the catchiness of the copied elements is such that an ordinary person of reasonable attentiveness would, upon listening to both, conclude that Defendants have unlawfully appropriated Plaintiffs' protectable expression.

41.     Pete, together with 300 Entertainment, and 1501 caused the public release of the Infringing Work and have since caused the Infringing Work to be widely reproduced, distributed, performed, licensed, displayed, marketed, promoted, and exploited, deriving substantial revenues and profits from the Infringing Work.

42.     In addition, the defendant Universal has assisted in and directly facilitated, among other things, the publishing, licensing, administration, distribution, dissemination, public display and the exploitation of the Infringing Work, and has derived substantial revenues and profits from its claim to the composition rights in the Infringing Work.

43.     Defendants' reproduction, distribution, public display, public performance, sale, licensing, and exploitation of the Infringing Work are without Plaintiff's authorization.

44.     Upon release, the Infringing Work sold reportedly 100,500 units for the first week of its release.  Since the debut, the Infringing Work has reportedly gone platinum, meaning more than one million copies have been sold.

45.     In addition to the success in streaming and sales, the Infringing Work has also been exploited by the Defendants via other means, such as via live performance and via audiovisual synchronization licensing.  The amount of ticket sales and revenues derived from the live performances and licensing of Infringing Work are not known to Plaintiffs at this time.

46.     On March 31, 2022, Plaintiffs caused a letter to be sent to Defendants in order to put the Defendants on formal notice of Plaintiffs' objection to the Defendants' unauthorized and infringing reproduction, publication, promotion, distribution, license, public display, public performance, sale and exploitation of the Copyrighted Work.  The letter also, in good faith, sought to amicably resolve the issue of Defendants' continuing infringement in effort to avoid the need for Plaintiffs to seek assistance from this Court to enforce their lawful rights afforded by Congress under the Copyright Act.

47.     Since being placed on notice of their infringing conduct, Defendants have continued their willful and reckless disregard of the exclusive copyrights belonging to Plaintiffs, forcing Plaintiffs to initiate this lawsuit.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement By Defendants)**
**(17 U.S.C. § 101 *et seq.*)**

48.     Plaintiffs reallege the above-paragraphs and incorporate them by reference as if fully set forth herein.

49.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

50.     Plaintiffs own all rights, title and interest in and to the copyrights in the Copyrighted Work.

51.     As a result of Plaintiffs' distribution, public display and/or public performance of the Copyrighted Work, Defendants had access to the Copyrighted Work prior to the creation of the Infringing Work.

52.     By their actions, as alleged above, Defendants, or any agents acting on their behalf, directly infringed Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C.

§501, by reproducing, distributing, publicly performing, and publicly displaying the Infringing Work.

53.     The Infringing Work is substantially similar to and copied from, the Copyrighted Work.

54.     The infringement of Plaintiffs' copyrights is willful and deliberate.  Defendants knew or should have known they did not have permission to use Plaintiffs' Copyrighted Work but did so anyway, and continue to do so, profiting at the expense of Plaintiffs.

55.     As a direct and proximate result of Defendants' infringement of Plaintiffs' exclusive rights in the Copyrighted Work, Plaintiffs are, pursuant to 17 U.S.C. § 504(b), entitled to recover their actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

56.     In addition, pursuant to 17 U.S.C. § 504(b), Plaintiffs shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, amounts will be proven at trial.

57.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement by Defendants)

58.     Plaintiffs reallege the above-paragraphs and incorporate them by reference as if fully set forth herein.

59.     As an alternative theory to their direct infringement claim, in the event one or any of the Defendants contend the infringing conduct described above is done by another,

Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above by providing the website and servers on which the infringements occur.

60.     By their actions, as alleged above, the Defendants' foregoing acts of contributory infringement violate Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

61.     The foregoing acts of contributory infringement of Plaintiffs' copyrights are willful and deliberate in that Defendants knew or should have known they did not have permission to use Plaintiffs' Copyrighted Work, having received cease and desist letters, but continued to infringe the Copyrighted Work anyway and profited at the expense of Plaintiffs.

62.     As a direct and proximate result of the contributory infringement of Plaintiffs' exclusive copyrights in the Copyrighted Work, Plaintiffs are entitled to recover actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

63.     In addition, pursuant to 17 U.S.C. § 504(b), Plaintiffs shall be entitled to recover damages based on a disgorgement of the Defendants' profits from infringement of the Copyrighted Work, amounts will be proven at trial.

64.     The Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiffs unless enjoined by this Court.

65.     Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement by Defendants)

66.     Plaintiffs reallege the above paragraphs and incorporate them by reference as if fully set forth herein.

67.     As an alternative theory to its infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiffs' copyrights, Defendants each had the right or ability to control the direct infringement described above.

68.     As a result of each of the Defendants' right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

69.     Defendants each had a direct financial interest in the reproduction, distribution and public display of the Initial Copyrighted Work and each of the Defendants benefitted from that direct infringement.

70.     As a direct and proximate result of the Defendants vicarious infringement of Plaintiffs' copyright and exclusive rights in the Initial Copyrighted Work, Plaintiffs are entitled to recover actual damages resulting from the Defendants' uses of the Initial Copyrighted Work without paying license fees, in an amount to be proven at trial.

71.     In addition, pursuant to 17 U.S.C. § 504(b), Plaintiffs shall be entitled to recover damages based on a disgorgement of the Defendants' profits from infringement of the Initial Copyrighted Work, which amounts will be proven at trial.

72.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under

copyright law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment as follows:

1.       A declaration that Defendants have infringed Plaintiffs' copyrights under the

Copyright Act;

2.       A declaration that such infringement is willful;

3.       An accounting of all revenue earned by Defendants during the period in which it

reproduced, distributed, publicly performed or displayed the Copyrighted Work, or any portion

or derivation of the Copyrighted Work;

4.       Awarding Plaintiffs all gains, profits, property and advantages obtained or

derived by Defendants from their acts of copyright infringement;

5.       Awarding Plaintiffs such exemplary and punitive damages as the Court

finds appropriate to deter any future infringement;

6.       Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing

sums;

7.       Permanently enjoining Defendants, their employees, agents, officers,

directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active

concert and participation with Defendant, from directly or indirectly infringing Plaintiffs'

copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public

display, advertise, reproduce, develop or manufacture any works derived or copied from the

Plaintiffs' or to participate or assist in any such activity; and

8.       For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 25, 2022

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiffs*